STATE, *ex rel.* R. H. GORE individually and R. H. GORE as Trustee for R. H. GORE COMPANY, an Illinois Corporation, v. C. E. CHILLINGWORTH and GEORGE W. TEDDER, Judges of the Fifteenth Judicial Circuit, and VINCENT J. MISTRETTA.

171 So. 649.

En Banc.

Opinion Filed December 16, 1936.

Rehearing Denied Jnauary 16, 1937.

646

*McCune, Hiaasen & Fleming,* for Petitioner;

*C. L. Chancey,* and *J. T. Chancey,* for Respondents.

ELLIS, P. J.—It appears from the suggestion in this case that Vincent J. Mistretta had a contract with R. H. Gore individually and as trustee for the R. H. Gore Company for the performance of labor in the construction of a garage apartment and improvements or repairs to other buildings located upon certain described lots of land in Broward County. It appears that the work was completed on June 1, 1936, on which date after deductions made for payments upon the contract of employment there remained due to Mistretta by Gore, individually and as trustee, the sum of $2,000.00. Thereupon, Mistretta on the 13th day of July, 1936, filed his petition in the Circuit Court for Broward County under the provisions of Section 5382 C. G. L. 1927 for the enforcement of the lien claimed by Mistretta for work done and labor performed upon the buildings mentioned. The petition prayed for the entry of a personal judgment against R. H. Gore, individually, and against R. H. Gore as trustee for the R. H. Gore Company severally, and for a lien upon the premises described in the petition for the balance alleged to be due of $2,000.00 and interest thereon from June 1, 1936, as well as fifteen per cent. upon the amount for attorneys' fees which Mistretta claimed he was entitled to recover.

Section 5382 C. G. L., *supra,* provides several methods for the enforcement of such liens. They are as follows: first, by retention of possession of the property; second, by

a bill in equity; third, by an ordinary action at law and levy of execution upon the property upon which the lien is claimed; fourth, by a suit at law in which the declaration should state the manner in which the lien arose, the amount for which the lien is held, the description of the property, and a prayer that the property be sold to satisfy the lien. The statute provides that if the latter method is adopted, the judgment for the plaintiff shall be a personal judgment as well as declare a lien upon the property on which the lien is claimed, and shall direct execution against such property as well as against the property generally of the defendant; fifth, by any person claiming a lien for labor performed, his legal representative, agent or assigns making or filing in the court having jurisdiction of the amount of the lien claimed a petition under oath describing the premises or property on which a lien is claimed and stating the facts which authorize or create the lien.

The statute provides that upon the filing of such petition the clerk of the court or judge thereof shall issue a summons describing the premises or property on which the lien is claimed, the amount of such lien and requiring the person or persons against whom such lien is claimed to forthwith pay such claim or show cause before such court within five days why such claim should not be paid. Such summons shall be served forthwith by the sheriff of the county in the manner provided for serving of summons *ad respondendum*.

The petition was filed, as it appears, under the fifth clause of the statute and upon the filing of such petition a summons was duly issued and dated on July 13, 1936, returnable July 18, 1936. Such summons appears, from the return thereof as made by the sheriff, to have been served on the

16th day of July, 1936, notwithstanding the requirement of the statute that it should be served forthwith.

It appears from the record, therefore, that although the statute provides for the issuing of a summons requiring the defendant to forthwith pay the claim or show cause within five days why the claim shall not be paid, the sheriff held the summons from the 13th of July until the 16th of that month, before he served the summons upon the defendant, depriving the defendant of three days out of the five which the statute allowed him in which to show cause why such claim should not be paid.

The defendant in his individual and representative capacity appeared specially on the 8th day of July for the purpose of quashing the summons. The grounds on which the special appearance rested were enumerated as follows:

"1. That the summons issued in this cause on July 13, 1936, is returnable on Saturday, July 18, 1936; that the return day is not a rule day; that the return day is less than ten days from the issuance or service of said summons.

"2. That the said summons was issued pursuant to certain provisions of Chapter 12079, General Acts of 1927 (Section 5382 C. G. L.) ; that said provisions of said Chapter 12079, pursuant to which said summons was issued were repealed by certain provisions of Chapter 17097, General Acts of 1935, enacting the Uniform Mechanic's Lien Act.

"3. The provisions of Chapter 12079, General Acts of 1927, pursuant to which said summons was issued are null and void and unconstitutional for the following reasons:

"(a) The title of said chapter is not in conformity with Section 16, Article III, of the Florida Constitution.

"(b) The provisions of said Act pursuant to which said summons was issued are in violation of Section 11, Article V, of the Florida Constitution.

"(c) That said provisions of said Act violate the Florida Constitution in that they seek to confer upon courts at law the powers and jurisdictions of courts of equity.

"(d) Courts of equity and not courts of law have jurisdiction for the enforcement of statutory laborers' liens.·

"4. Said summons was not issued in conformity with the provisions of Section 5392, C. .G. L. of Florida.

"5. Said summons was not in accordance with the provisions of Chapter 12079, General Acts of 1927.

· "6. The writ of summons does not comply with Rule No. 8, governing the practice of the circuit courts of Florida in actions at law."

It appears that the defendant did not raise the point that the service of the summons was delayed by the Sheriff for three days, thus depriving the defendant of the full five days within which to show cause why the claim should not be paid.

The court on order dated July 25, 1936, denied the defendant's special appearance and motion to quash the writ of summons. In such order the court also denied a motion by the plaintiff for default and final judgment and allowed the defendant fourteen days within which to plead.

Thereupon the defendant, on the 20th of July, 1936, caused to be filed in this Court the suggestion above referred to for a rule against C. E. Chillingworth and George W. Tedder, Judges of the Fifteenth Judicial Circuit, and Vincent J. Mistretta, to show cause why a writ of prohibition should not issue against them prohibiting them from proceeding further against the petitioner, R. H. Gore, individually and in his representative capacity in the statutory action herein described, which in the suggestion is referred to as a common law action.

Pursuant to that suggestion on August 1, 1936, this Court issued its rule to show cause against the said Chillingworth, Tedder and Mistretta why a writ of prohibition should not be awarded prohibiting them from proceeding further in the cause and in the meantime that all further proceedings in the statutory action be stayed.

On August 8, 1936, attorneys for Judge Chillingworth and Vincent Mistretta moved the court to quash the rule to show cause upon the grounds, among others, that the summons in the statutory action was issued and served strictly in accordance with the provisions of paragraph 5 a of Section 5382 C. G. L., *supra.*

Other grounds of the motion were that the provisions of the statute above referred to were not repealed by Section 32 of Chapter 17097, General Laws of 1935, that the provisions of the Act under which the statutory action was begun are not violative of any clause of the State or Federal Constitution; that the suggestion for the writ of prohibition does not show that two days were not sufficient time for the said Gore to respond to the summons nor that the court failed to allow ample time within which to plead; that the said Gore waived any defects in the service of the summons in the statutory action by moving to "quash said summons upon the grounds that the statute (Chapter 12079 General Acts of 1927) under which said summons was issued and served were repealed by the provisions of Chapter 17097, General Acts of 1925," and that the provisions of said former Act under which the statutory action was begun were not violative of certain constitutional provisions.

Upon the question of defective service of the summons issued in the statutory cause for the enforcement of the lien it will be observed that there was an actual service of the summons, but that such service was not made forth-

with as the statute requires and that by the failure of the sheriff to forthwith serve the process and deferring it for three days he deprived Gore of the five days contemplated by the statute within which he might show cause why the claim should not be paid.

A distinction is to be noted between a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him. 19 Ency. Pl. & Prac. 704. The former confers no jurisdiction of the person by the court, but the latter or defective service of process on the contrary confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked. In order that a person complaining of the defective service may avoid the consequences of a judgment based thereon he is required to move diligently by either plea in abatement to the jurisdiction or motion to dismiss.

In the case where there is defective service only and the party fails by appropriate proceedings to quash the service or dismiss the writ, prohibition will not lie upon the ground of the insufficiency of the service that being a question for the lower court. See 19 Ency. Pl. & Prac., *supra;* 16 Ency. Pl. & Prac. 1113; McConiha v. Guthrie, 21 W. Va. 134; People v. Petty, 32 Hun. (N. Y.) 443; Seaboard Realty Co. v. Seaboard All-Florida Ry., 91 Fla. 670, 108 South. Rep. 675; 50 C. J. 679.

It appearing, therefore, that the petitioner, Gore, having failed by appropriate proceedings to question the irregular service of the summons in the statutory action and it affirmatively appearing also that he was not deprived of the full period of time within which to pay the claim or show

cause why he should not, but on the other hand was given ample time, in fact, more than the statute allows, for that purpose, waived the irregular service of the summons. The question, therefore, turns upon whether Chapter 10279, Acts of 1927 (5382 C. G. L. 1927) is constitutional. and void for the reason stated in the suggestion for the writ of prohibition or whether it was repealed by Section 32 of Chapter 17097, Acts of 1935.

It is contended that Section 5382 (5) C. G. L. 1927 has been repealed by Section 32 of the Uniform Mechanic's Lien Act, Chapter 17097, Acts of 1935, which provides that except as otherwise expressly provided therein, nothing in the Act shall be construed to prevent any lienor or assignee from maintaining an action at law in the same manner as if he had no lien, and the bringing of such action shall not prejudice his rights under the Act.

It is also contended by attorneys for the petitioner, Gore,. that Chapter 17097, Acts of 1935, furnishes an exclusive method of perfecting a laborer or materialman's lien and that the prior statutes have been superseded; that being true it is contended further that the petition filed by Mistretta for the enforcement of his alleged lien does not disclose that he perfected the same under the provisions of the Act of 1935, that is to say, that he did not observe the requirements of that Act in the matter of giving notice of his lien to the owner of the property against which the alleged lien is sought to be enforced.

The Act of 1935 is a revision of the entire subject of mechanics' and laborers' liens and as we read the petition of Mistretta his lien was both acquired and perfected under the provisions of that Act which in Section 4 expressly excepts the giving of a notice to the owner by persons in privity with him.

The petition of Mistretta alleges that he had a contract with Gore for the construction of the work upon Gore's property out of which contract Mistretta's lien arose. We do not agree therefore with the attorneys for petitioner that notice by Mistretta to the owner was essential in the circumstances; the latter did not perfect his lien, and that his petition to enforce it therefore was nothing more than an action at law on a contract and not an action to enforce a statutory laborer's lien.

It is also contended by attorneys for the petitioner that Chapter 12079, Acts of 1927 (Section 5382 C. G. L. 1927) was repealed by the Act of 1935, Chapter 17097, *supra,* in so far at least as paragraph 5 a of Section 5382, C. G. L., *supra,* under which the petition to enforce the lien was filed, has any bearing upon the petitioner's right to proceed in the manner he chose to enforce that lien.

The Act of 1935, as stated, was a revision of the subject of the acquisition and perfection of mechanics' and laborers' liens, while the Act of 1927, *supra,* Chapter 12079, is an Act which provides for the enforcement of liens either upon real or personal property by persons in privity with the owner.

Sections 31, 32 and 37 of Chapter 17097, Acts of 1935, are relied upon by attorneys for the relator to sustain the position that the latter Act repeals the enforcement Act of 1927. Those sections are as follows:

"Section 31. Enforcement of Liens. The liens provided by this Act may be enforced against the real property specified in the claim of lien and which is subject thereto and against any person liable for the debt upon which the lien is founded.

"Section 32. Action at Law Not Barred. Except as herein otherwise expressly provided, nothing in this Act

contained shall be construed to prevent any lienor or assignee under any contract from maintaining an action thereon at law in like manner as if he had no lien for the security of his debt and the bringing of such action shall not prejudice his rights under this Act.

"Section 37. Inconsistent Laws Repealed. All Acts or parts of Acts inconsistent with this Act are hereby repealed."

There is no inconsistency between the two Acts in the matter discussed. The two statutes are clearly *in pari materia;* the one providing for the acquisition and perfection of liens and the other providing for the enforcement of them and in the latter phase of the subject there appear to be no conflicting clauses between the two Acts.

We are, therefore, of the opinion that that point is not well taken.

It is also contended that the title to Chapter 12079, Laws of 1927, is defective in that it fails to conform to the requirements of Section 16 of Article III of the Constitution which requires each law to contain but one subject and matter properly connected therewith, the title whereof is required to briefly express the subject.

It appears to be counsel's position that because Chapter 12079, Acts of 1927, which amended Section 3519 of the R. G. S. of 1920, added to that section, Section 5, paragraph a to h inclusive, the requirements of Section 16, Article III, of the Constitution were not obeyed, and the case of Webster v. Powell, 36 Fla. 703, 1 South. Rep. 441, is relied upon to support that argument.

The case is not analogous to the one at bar for the reason that in that case what the Legislature sought to do by the amendment was to impose a condition upon the right to take a writ of error by the giving of a supersedeas bond, a condition which in no wise was imposed directly or indi-

rectly by the provisions of the Revised Statutes, which the Act sought to amend and which Sections 1270 and 1272, Revised Statutes, related to the matter of giving supersedeas orders and supersedeas bonds. The opinion, which was written by Mr. Chief Justice MABRY, clearly points out that the amendatory Act definitely interfered with the common law right to a writ of error and sought to accomplish that purpose by amending a statute relating to the giving of supersedeas bonds and the taking of supersedeas orders on a writ of error issued.

In the case at bar the amendatory Act of 1927 merely added an additional remedy to the statutory remedy already provided for the enforcement of laborers' liens and in no wise sought to impose any conditions upon the right provided by statute for the enforcement of such liens duly acquired and perfected.

The able counsel for petitioner failed to point out in their brief in what respect the purpose of Section 16 of Article III of the Constitution was evaded by the Legislature by the introduction into the amendatory Act of the clause to which counsel take exception as being one concerning which a reasonably adequate notice was not given by the title to the amendatory Act.

Mr. Justice MABRY, speaking for the Court in the Webster-Powell case, *supra,* fully and clearly discussed the reason for the constitutional provision mentioned regarding the enactment of legislation without a reasonably adequate notice to the legislators and to the people of the subject matter embraced in the proposed legislation.

We believe that it cannot reasonably be contended that an Act, the title to which is as follows: "AN ACT to Amend Section 3519 of the Revised General Statutes of Florida, 1920, Relating to Enforcement of Liens Accruing for Labor

Performed and Material Furnished" fails to give reasonable and adequate notice of the addition to the amended Act of one more method for the enforcement of mechanics' and laborers' liens.

We are, therefore, of the opinion that that point is not well taken.

It is also contended that the procedure contemplated by Section 5, Chapter 12079, General Acts of 1927 (Par. 5 a to h, inclusive, Section 5382 C. G. L.) is in violation of the constitutional guarantees secured to the petitioner by Sectons 1, 4 and 12 of the Declaration of Rights, Florida Constitution, and the 14th Amendment to the Constitution of the United States, which prevent the taking of private property without due process of law and which secure to him the equal protection of the laws.

Counsel argue the two propositions that the clause in the statute to which they object deprives the petitioner of his rights secured under the due process and equal protection of the laws clauses as they are inherently related and secured by the constitutional provisions to which reference is made.

Due process of law guarantees to every citizen the right to have that course of legal procedure which has been established in our judicial system for the protection and enforcement of private rights. South Fla. Trust Co. v. Miami Coliseum Corp., 101 Fla. 1351, 133 South. Rep. 334; Ryan's Furniture Ex. v. McNair, 120 Fla. 109, 162 So. Rep. 483. It contemplates that the defendant shall be given fair notice. Simon v. Craft, 182 U. S. 427, 21 Sup. Ct. Rep. 836, 45 L. Ed. 1165; Twining v. New Jersey, 211 U. S. 78, 29 Sup. Ct. Rep. 14; 53 L. Ed. 97, and afforded a real opportunity to be heard and defend. Standard Oil Co. v. Missouri, 224 U. S. 270, 32 Sup. Ct. Rep. 406, 56 L. Ed. 760; Jacob v. Roberts, 223 U. S. 261, 32 Sup. Ct.

Rep. 303, 56 L. Ed. 429, in an orderly procedure, before judgment is rendered against him.

Attorneys for petitioner contend that the clause, Section 5.a of Chapter 12079, Acts of 1927, fails to secure to petitioner a fair notice; a reasonable opportunity to be heard; a real substantial right to defend in an orderly procedure, and a like treatment of other litigants.

The petitioner is concerned in this case only with the provisions of Section 5, paragraph a, which deal with the filing of a petition in a court of proper jurisdiction for the enforcement of his lien and issuing of a summons directed to the person against whom the lien is claimed.

The other provisions of Section 5 are not presented in this case as affecting the petitioner, as only the matter of the service of the summons is the point presented and that the time allowed in such summons is too short to secure adequate notice to enable the petitioner to properly defend the case presented against him.

We have already shown in this opinion that the petitioner was actually served with the summons, but that the service was so delayed as that there was left to him only two days out of the five allowed by the statute in which to prepare his defense; that such service was an irregularity to which the petitioner may have made suitable objection at an appropriate time, but that he waived such irregularity by attacking the constitutionality of the Act upon other grounds and omitting to present the point of the irregularity of service. If the time allowed by the statute, five days in which to present the defense, is not violative of the constitutional provisions mentioned, the irregular service would render a judgment upon it voidable and not void so that the failure to object to such irregular service by appropriate procedure is a waiver of the point.

The rule is well settled that the constitutionality of an Act cannot be questioned by a party whose rights are not affected by its enforcement or who is not himself denied some constitutional right or privilege but who seeks to question the Act on behalf of some other person who may at some future time be affected. State, *ex rel.* Johnson, v. City of Sarasota, 92 Fla. 563, 109 South. Rep. 473; Adams v. The Am. Agri. Chem. Co., 78 Fla. 362, 82 South. Rep. 850; McSween v. State Live Stock Sanitary Board, 97 Fla. 750, 122 South. Rep. 239, 65 A. L. R. 508.

The latter case applied the principle that a person attacking the validity of a statute cannot raise an objection to a part of the statute which is not involved in the case unless its invalidity renders the entire Act unconstitutional or renders inoperative such portion of the Act as does injuriously affect his rights.

Those provisions of the Act affecting the procedure following the filing of petition and the service of summons provided for by Section 5 a of the statute are not involved in this case as the petitioner is complaining only that the length of time allowed by the statute in which to pay the claim demanded or to show cause why it should not be paid does not secure to him due process of the law and equal protection of the laws.

We are unable to agree with counsel for petitioner that the method provided by Section 5, paragraph a, for the enforcement of the lien claimed and the issuing of the summons returnable within five days is *per se* violative of the due process and equal protection clauses of the Constitution.

The case is not as if the statute failed to provide due process of law by subjecting the debtor's property to the payment of an alleged claim without an opportunity to be

heard as was the case in Coe v. Armour Fertilizer Works, 237 U. S. 413, 59 L. Ed. 1027, where the property of a stockholder of a corporation, who was alleged not to have completed his payments for the stock he held, was sought to be subjected to an execution against the corporation which had been returned *nulla bona,* the court holding that the stockholder had the right to present the defense that he was not in fact the holder of the stock or that the execution was in excess of the unpaid subscription. "In observing due process, opportunity to be heard must be full and fair, not merely colorable or illusive. Ryan's Furniture Exchange, Inc., v. McNair, 120 Fla. 109, 162 South. Rep. 483.

It does not appear that five days' notice to pay the claim or show cause why it is not paid provided for by the statute is not full and fair opportunity to be heard. Just why five days' notice does not afford full opportunity to be heard and is merely a colorable or illusive process is not shown.

The provisions of the Act in question relating to the filing of the petition and issuing of a summons are analogous to similar provisions in our statutes relating to the removal of tenants. See Sections 5407-5408 C. G. L. 1927, or the statutes relating to the enforcement of liens for rent. See Sections 5423-5422 C. G. L. See Blanchard v. Raines, 20 Fla. 467.

The statute which is attacked, Chap. 12079, Acts 1927, constitutes a special statutory summary remedy for the enforcement of mechanics' and laborers' liens and is consistent with the constitutional requirement that the Legislature shall provide for giving to mechanics and laborers an adequate lien on the subject matter of their labor. Section 22, Art. XVI, Const. of Fla.

No arbitrary, inflexible rule can be laid down that five days' notice to pay the claim or show cause why it should

not be paid is of itself inadequate notice and does not constitute due process of law, and it cannot be said that such notice is inadequate to the degree that it renders the Act invalid. It seems to us that a person who is causing a building to be erected or labor performed in the construction should be at all times advised as to the extent of his obligations and what if anything is due upon his contract so that when he receives a notice to pay he should be able within five days to ascertain from his records and accounts whether the debt is due or not, or whether the person claiming the lien ever furnished materials or performed labor upon the building. How much longer than five days one would require to obtain that information would seem to depend upon how efficiently the owner of a building under construction keeps his accounts and the records of the transactions.

We have examined the cases cited by the learned counsel for the petitioner in the argument in support of the proposition that five days' notice is *per se* inadequate and violative of the constitutional guarantees of due process, but we do not find the cases cited to be analogous to the case at bar. The motion to quash the rule to show cause is granted.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.