WARNER, Judge.
After appellees served appellant with process, she moved to dismiss the complaint for lack of jurisdiction. The trial court granted the motion and gave appellees twenty days to file an amended complaint. Appellees complied but subsequently amended the complaint several more times. Appellant then moved to dismiss the amended complaint, alleging that she had not been served within the time prescribed by Florida Rule of Civil Procedure 1.070(j). Ultimately, the trial court denied the motion. Appellant claims that this was error. We affirm.
Rule 1.070(j) provides:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
(emphases added). In Bice v. Metz Construction Co., 699 So.2d 745 (Fla. 4th DCA 1997), rev. denied by James Young & Co. of Fla., Inc. v. Bice, 705 So.2d 901 (Fla.1998), we reversed the dismissal of an action finding that the plaintiffs attempted, albeit invalid, service of process within the 120-day period was sufficient to satisfy Rule 1.070(i)(now Rule 1.070(j)). Accord Smith v. Saunders, 652 So.2d 1187 (Fla. 2d DCA 1995); Caban v. Skinner, 648 So.2d 251 (Fla. 3d DCA 1994); Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993).
Appellant argues that because the original complaint was dismissed due to deficient jurisdictional allegations, the original attempt at service became a nullity. We disagree. There is a distinction between a total want of service and defective service. In State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 652 (1936), the supreme court stated:
A distinction is to be noted between a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him. The former confers no jurisdiction of the person by the court, but the latter or defective service of process, on the contrary, confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked.
(citations omitted); see also Paleias v. Wang, 632 So.2d 1132, 1135 (Fla. 4th DCA 1994)(Klein, J., concurring speeially)(where a defendant was personally served, the failure to allege correct jurisdictional allegations in the complaint did not render the judgment void). Where the defect is in the allegations of the complaint supporting jurisdiction, as opposed to the service of process itself, there is no need for further “initial process.” Further pleadings are served pursuant to Florida Rule of Civil Procedure 1.080, as the appellant did in this ease by serving each amended complaint on appellees’ attorney.
Since the purpose of Rule 1.070Q) has been accomplished by notifying appellant of the suit through personal, albeit defective, service of the initial pleading, failure to re-serve the amended complaint within 120 days did *623 not require dismissal of the action. The trial court correctly denied the motion to dismiss.
Affirmed.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.