ERVIN, J.
Appellant, Armet S.N.C. di Ferronato Giovanni & Company, an Italian manufacturer, appeals an order denying its motion to set aside a default judgment, contending that the trial court did not have jurisdiction under Article 15 of the Hague Convention [1] to enter the judgment absent evidence of service of process, and that the return of service was defective under Article 6 of the Hague Convention. We affirm, because appellee, Craig Hornsby, did establish service, and Armet’s objection to the lack of return was untimely.
Armet was served in Venice, Italy, on March 12, 1995; default was issued on October 9, 1995; and the trial court entered the default judgment on April 10, 1997. The documentation proving actual service was not actually submitted into evidence until the hearing on Armet’s motion to set aside the final judgment on November 7, 1998. Article 15 of the Hague Convention provides that when a foreign defendant has not appeared, “judgment shall not be given until it is established that” the defendant was actually served. Armet contends that the trial court had no jurisdiction to enter the final judgment under Article 15 without the service documentation before it; therefore, the judgment is void. We disagree, and conclude instead that the default judgment was merely voidable.
The Convention articles do not articulate the consequences for failure to comply with its provisions. Accordingly, we turn to the law of the forum state. See Volksivagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988) (state law is preempted only to the extent it is inconsistent with the Hague Convention). See also Fox v. Regie Nationale des Usines Renault, 103 F.R.D. 453 (W.D.Tenn.1984) (federal court determined that federal procedural rules were complementary to Hague Convention).
The trial court obtained jurisdiction over Armet by virtue of the service made on it in Venice in March 1995. See Klosenski v. Flaherty, 116 So.2d 767 (Fla.1959) (it is the fact of service that gives the court jurisdiction over the defendant).' Under Florida law, a final judgment is deemed voidable rather than void if the service or return of service, while irregular, actually gives the defendant notice of the proceeding. See Myrick v. Walters, 666 So.2d 249 (Fla. 2d DCA 1996); Arthur v. Arthur, 543 So.2d 349 (Fla. 5th DCA 1989); Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). Armet makes no contention that it was not served, or that it did not receive notice of each proceeding that occurred thereafter, but argues only that evidence of service was essential for the court to exercise jurisdiction. Because we consider the judgment was voidable, we consider that by submitting the evidence of service at the November 7, 1998, hearing, Hornsby satisfied Article 15.
Armet alternately contends that because the return of service was defective under Article 6 of the Hague Convention,[2] the trial court’s jurisdiction to enter the default judgment remained dormant until Hornsby filed a proper return, citing Klo *1121 senski, 116 So.2d at 769 (jurisdiction is not lost by virtue of a defect in the return of service; jurisdiction simply “lies dormant” until proof is made). After entry of a default and final judgment, however, a defendant must demonstrate excusable neglect and due diligence in objecting to an irregularity in service. Schneiderman v. Cantor, 546 So.2d 51 (Fla. 4th DCA 1989). Armet did not file its motion to set aside the final judgment until August 28, 1998, more than a year after the entry of the default judgment. As a consequence, we conclude that the trial court acted within its discretion in denying the motion, based upon Armet’s lengthy, unexplained delay in objecting to the defective return.
AFFIRMED.
MINER and KAHN, JJ., CONCUR.

. ' Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638 (Feb. 10, 1969).

. After service, Article 6 requires return of a certificate stating the method, place and date of service, and the person to whom the document was delivered.