766 So.2d 290 (2000)
Enrique REINA, Appellant,
v.
BARNETT BANK, N.A., formerly Barnett Bank of Jacksonville, N.A., as Successor by Merger with Barnett Bank of South Florida, N.A., and Hernan Rosas, et al., Appellees.
No. 4D99-3054.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
*291 Bill Ullman and George G. Sirota, Miami, for appellant.
Susan Minor of Shapiro & Fishman, Aventura, for appellee Barnett Bank, N.A.
POLEN, J.
Enrique Reina timely appeals from a nonfinal order denying his motion to quash service of process and to vacate the subject default final judgment. He argues the judgment was void by virtue of Barnett Bank, N.A.'s ("Bank") failure to make a diligent search and inquiry into his whereabouts. We disagree and affirm.
On September 12, 1997, the Bank filed a complaint to foreclose a mortgage, executed by Reina and his wife, on a condominium owned by Reina. The sheriff's return of service affidavit indicated that no service had been made at the subject condominium. It also indicated that a diligent search and inquiry into Reina's whereabouts had been made, but that the property appeared to be vacant upon visual inspection.
Thereafter, the Bank filed its affidavit of due and diligent search. The affidavit specified that the Bank attempted to locate Reina's last known residence by making inquiries of the United States Postal Office, directing the Bank to research its mortgage service records, reviewing the sheriff's return of no service, researching telephone directories, and questioning Reina's former neighbors. The Bank then published notice of action in the Broward Daily Business Review on October 24 and 31, 1997, and filed proof of publication.
On November 24, 1997, the Bank served its motion for summary judgment, as well as a motion for default against Reina for failure to file an answer or responsive pleading. The clerk entered a default against Reina. Subsequently, the trial court entered summary judgment of foreclosure. In the summary judgment, the court found that legal service of process had been made on Reina. The condominium was later sold to the Bank at a judicial sale.
Approximately ten months later, Reina served his motion to quash service of process and to vacate the default final judgment. In the motion and his affidavit attached to same, he alleged that the Bank at all material times knew of his whereabouts because he maintained a checking account there. He also alleged that the Bank could have discovered his whereabouts had it called his condominium association or his realtor.
He reiterated these allegations at the subsequent hearing on his motion. He also explained he delayed filing the motion because he had been attempting to resolve the matter privately with the Bank's attorney. He did not adequately explain why it took him an additional six months before requesting a hearing on his motion.
The Bank refuted Reina's allegations at the hearing. It argued that it had closed his checking account in June, 1997. Alternatively, it argued that the final judgment was only voidable, not void, as a result of the Bank's failure to ask the condominium association about Reina's whereabouts.
The trial court denied the motion based on Reina's delay in filing same, and his delay in requesting a hearing. This appeal followed.
Reina argues that the court should have quashed the Bank's constructive service of process based on the Bank's failure to make diligent inquiries into his whereabouts. *292 He argues that the lack of diligent inquiry made the service void.
We disagree. A judgment is void when service of process is so defective that it amounts to no notice of the proceedings. Floyd v. Federal Nat'l Mortgage Ass'n, 704 So.2d 1110, 1112 (Fla. 5th DCA 1998). In contrast, failure to strictly comply with the applicable service of process statutes[1] renders a subsequent judgment voidable. Id. Our review of the record shows that the Bank's constructive service was not so defective that it amounted to no notice at all. While the Bank did not make any inquiries of Reina's condominium association, nor review Reina's bank records, we hold the judgment at most was voidable. See Demars v. Village of Sandalwood Lakes Homeowners Ass'n, 625 So.2d 1219 (Fla. 4th DCA 1993).
This notwithstanding, Reina waited months after he learned of the judgment and sale to file his motion and set a hearing. As such, we cannot say that the court abused its discretion in denying the motion to vacate the default based on his delay. See World's Finest Prods., Inc. v. Carpenter, 564 So.2d 626 (Fla. 4th DCA 1990).
AFFIRMED.
STONE and GROSS, JJ., concur.
NOTES
[1] In this case, the Bank relied on sections 49.011(1), 49.031, and 49.041, Florida Statutes (1997).