763 So.2d 1229 (2000)
Daniel J. DECKER and Angela S. Decker, Appellant,
v.
Robert A. KAPLUS, Appellee.
No. 5D99-2968.
District Court of Appeal of Florida, Fifth District.
June 2, 2000.
Rehearing Denied August 3, 2000.
J. Wayne Crosby of J. Wayne Crosby, P.A., Orlando, for Appellant.
Robert W. Anthony of Fassett, Anthony & Taylor, P.A., Orlando, for Appellee.
PETERSON, J.
Daniel and Angela Decker appeal an order refusing to set aside a two and one-half year old judgment entered against them after default. We affirm.
The Deckers contend that the default judgment was void as a matter of law because the service of process on them was defective and insufficient to subject them to the jurisdiction of the trial court that entered the judgment. They argue that the service of process was void under sections 48.27(1) and (2), Florida Statutes (1996), because the judgment creditor's complaint was filed in one judicial circuit and served in another judicial circuit where the process server was unqualified to act.
The summons was issued in Orange County, part of the Ninth Judicial Circuit, and served in Lake County, part of the *1230 Fifth Judicial Circuit. The process server was certified pursuant to Florida Statutes section 48.27(2) to effect service in the Fifth Judicial Circuit, and under the 1996 version of this statute a certified process server was authorized to effect service only when the action was filed and the process was served within the same circuit, see, e.g., Abbate v. Provident National Bank, 631 So.2d 312 (Fla. 5th DCA 1994).[1] The process server also lacked the credentials of a "special process server" in Lake County pursuant to Florida Statutes section 48.021(3). See, e.g., Cheshire v. Birenbaum, 688 So.2d 430 (Fla. 3d DCA 1997).
Although the service upon the Deckers was defective because the process server was not qualified under the former version of section 48.27 or section 48.021(3), Florida Statute (1996), it was not void. In State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 652 (1936), the supreme court explained:
A distinction is to be noted between a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him. The former confers no jurisdiction of the person by the court, but the latter or defective service of process, on the contrary, confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked.
(citations omitted). See also Nussbaum v. Cooke, 709 So.2d 621 (Fla. 4th DCA 1998); Paleias v. Wang, 632 So.2d 1132 (Fla. 4th DCA 1994)(Klein, J., concurring specially).
The Deckers service was irregular, but conveyed actual notice of the lawsuit against them. The final judgment was rendered voidable by the irregular process but not void. See, e.g., Cohen v. Drucker, 677 So.2d 953 (Fla. 4th DCA 1996). In order to attack the voidable judgment, the Deckers had one year after the final judgment was entered to move to set aside the judgment pursuant to Florida Rule of Civil Procedure 1.540(b). See, e.g., Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). The Deckers failed to timely raise the issue of defective service of process and the trial court correctly denied their motion to vacate and set aside the final judgment. We affirm.
AFFIRMED.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] Section 48.27(2), Fla. Stat. (1999) now allows the certified process server to effect process statewide.