879 So.2d 55 (2004)
KFC USA, INC., Appellant,
v.
Mae DEPEW, Appellee.
No. 5D03-1370.
District Court of Appeal of Florida, Fifth District.
July 9, 2004.
Rehearing Denied August 3, 2004.
*56 Michael V. Hammond and Henry W. Jewett of Rissman, Weisberg, Barrett, Hurt, Donahue & McClain, P.A., Orlando, for Appellant.
W.C. Airth, Jr. of W.C. Airth, Jr., P.A., Orlando, for Appellee.
PER CURIAM.
Appellant, KFC USA, Inc. [KFC], appeals the non-final order denying its Motion to Remove Default and to Set Aside Default Judgment and Striking Affidavit. We reverse.
Mae Depew was injured in a fall at a Florida Kentucky Fried Chicken restaurant. Upon achieving maximum medical improvement, Depew filed suit against KFC for damages and served notice of process on KFC's agent in Florida. When KFC failed to timely answer Depew's complaint, the clerk of the court entered a default for failure to answer or file a responsive pleading. The trial court subsequently entered a final judgment against KFC as to liability only. Eight days later, KFC moved to set aside the judgment on the basis of excusable neglect and the existence of a meritorious defense, explaining that its legal department in Louisville, Kentucky, had been in the process of relocating and that temporary employees had mishandled the summons and complaint that had been forwarded there.
Although the standard of review of an order ruling on a motion to vacate a default judgment is whether there has been an abuse of the trial court's discretion,[1] this court must remain cognizant of Florida's "long standing policy of liberality toward the vacating of defaults" when a defendant has demonstrated excusable neglect and has presented a meritorious defense.[2]North Shore Hosp. v. Barber, 143 So.2d 849, 852 (Fla.1962); see also Travelers Ins. Co. v. Bryson, 341 So.2d 1013, 1013 (Fla. 4th DCA 1977) ("It has long been the policy of the courts of this state to liberally set aside defaults for failure of a defendant to plead so as to allow a determination of the controversy on the merits when the defendant demonstrates that his neglect was excusable and that he has a meritorious defense.").
Based on review of the record, KFC has demonstrated excusable neglect and has presented a meritorious defense, as required by Florida Rule of Civil Procedure 1.540(b). Keeping in mind the policy in Florida to liberally set aside defaults when a defendant has shown both, we reverse and remand to the trial court for further proceedings on the merits.
REVERSED and REMANDED.
GRIFFIN and PALMER, JJ., concur.
SAWAYA, C.J., dissents, without opinion.
NOTES
[1] North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962); Joe-Lin, Inc. v. LKG Rest. Group, Inc., 696 So.2d 539 (Fla. 5th DCA 1997); Tire Kingdom, Inc. v. Bowman, 480 So.2d 221 (Fla. 5th DCA 1985).
[2] See Dawkins, Inc. v. Huff, 836 So.2d 1062 (Fla. 5th DCA 2003) ("To be relieved of a default, a defendant must demonstrate excusable neglect, a meritorious defense, and due diligence in seeking relief.") (citation omitted); see also American Network Transp. Mgmt., Inc. v. A Super-Limo Co., Inc., 857 So.2d 313, 314 (Fla. 2d DCA 2003) ("In order to succeed on a rule 1.540(b) motion to vacate, the movant must demonstrate that the final judgment was the result of excusable neglect, that the movant exhibited due diligence in seeking to have the final judgment reopened, and that a meritorious defense exists."); Eden Park Mgmt., Inc. v. Zagorski, 821 So.2d 1263 (Fla. 4th DCA 2002); Armet S.N.C. di Ferronato Giovanni & Co. v. Hornsby, 744 So.2d 1119 (Fla. 1st DCA 1999).