922 So.2d 340 (2006)
Nigel SHEPHEARD and Heather Shepheard, Appellant,
v.
DEUTSCHE BANK TRUST COMPANY AMERICAS, et al., Appellee.
No. 5D04-2369.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
*342 Tompkins A. Foster, William M. Lindeman, and Wayne E. Klinkbeil of Foster, Lindeman, & Klinkbeil, P.A., Orlando, for Appellant.
Laura M. Carbo of the Law Offices of Marshall C. Watson, P.A., Ft. Lauderdale, for Appellee.
PALMER, J.
Nigel and Heather Shepheard timely appeal the trial court's final judgment of foreclosure. Concluding that Nigel Shepheard is not entitled to receive any appellate relief, we affirm the trial court's order as to him. However, concluding that service of process was never properly perfected against Heather Shepheard and that she did not voluntarily appear in the lawsuit, we reverse the trial court's order as to her.
The Shepheards are citizens and residents of the United Kingdom. In 1998, they purchased real property located in Kissimmee, Florida as a second home. The Shepheards financed the purchase of their home and Deutsche Bank holds the mortgage thereon. The Shepheards made all mortgage payments on the home until November of 2002, when their checking account refused a debit for insufficient funds.
On February 5, 2003, Deutsche Bank filed a complaint in foreclosure, alleging that the Shepheards had defaulted on the note and mortgage from November 1, 2002 forward. Deutsche Bank made only one attempt to personally serve its complaint on the Shepheards. Specifically, service was attempted at the Shepheards' Kissimmee address and was returned unserved with a note stating "seasonal vacant." Deutsche Bank then filed an affidavit of constructive service alleging that it had "made diligent search and inquiry to discover the name and residence of Heather Shepheard; Nigel Shepheard." The affidavit further alleged that the Shepheard's residence was unknown, and that the bank was "unable to determine if said defendant(s) are living or dead." Deutsche Bank attached an affidavit of due and diligent search, which noted that property tax notices were being sent to the Shepheards at an address in England (which was an old address). Deutsche Bank did not attempt service through registered mail as authorized by section 48.194, Florida Statutes (2003), to any address in England.
On March 20, 2003, a notice of action was mailed to the Shepheards' Kissimmee address and their old address in England. The notice sent to Kissimmee was returned as undeliverable. Deutsche Bank then moved for summary judgment on March 27, 2003. A copy of the motion was mailed to the Shepheards at their Kissimmee address and the old address in England. In response to this mailing, the court received a letter, dated April 3, 2003, from a couple living in England, informing the court of the Shepheards' correct address.
Deutsche Bank filed proof of publication on May 29, 2003, alleging that its notice of action was published in an Osceola County newspaper. Also, on May 29, 2003, Deutsche Bank moved for default against Heather. The clerk entered a default against Heather on May 30, 2003.
On June 30, 2003, the court filed a letter and attachments received from Nigel. The letter claimed that Homecomings, the Shepheards' mortgage servicing company, improperly failed to resume debiting his account for mortgage payments after November of 2002, and that by the time he attempted to reinstate the account Homecomings had already transferred the account to a new servicing company. The letter claimed that Nigel had attempted to reinstate the account by providing a check *343 to Homecomings, which had endorsed it, but the new servicing company refused to accept the check because it was not made payable to it. Nigel asked that the foreclosure case be dismissed, that the new servicing company accept his payments and pay his legal costs, and that his late charges be quashed.
On December 1, 2003, the court entered an order setting the case for non-jury trial on the docket beginning May 24, 2004. The court mandated personal attendance at a pretrial conference scheduled for May 10, 2004. The court warned that non-attendance could result in dismissal or default. A copy of this order was mailed to the Shepheards' correct address in England.
Nigel did not attend the pretrial conference. On May 27, 2004 the court entered a final judgment of mortgage foreclosure in favor of Deutsche Bank, and ordered a public sale of the Shepheards' Kissimmee property.
On June 2, 2004, the court received a fax from Nigel. The fax stated that Nigel had just received a letter from counsel for Deutsche Bank, dated May 12, 2004, stating that the case was to be heard on May 27th. The letter requested that the court set aside the foreclosure judgment. The court deemed Nigel's letter as constituting a motion to set aside foreclosure judgment and then denied same. The Shepheards filed a timely notice of appeal.
On appeal, the Shepheards first contend that the judgment entered against Heather is invalid because she was never served with process, and the bank failed to comply with the statutory requirements for constructive service. We agree.
Statutes governing service of process are strictly construed to assure that defendants are notified of the proceedings and have the opportunity to protect their rights. Shurman v. Atlantic Mortg. & Inv. Corp., 795 So.2d 952, 953-54 (Fla.2001); Torres v. Arnco Constr., Inc., 867 So.2d 583, 586 (Fla. 5th DCA 2004). The party invoking the court's jurisdiction has the burden of proving the validity of service of process. Torres, 867 So.2d at 587. The constructive service statutes require strict compliance. Floyd v. Fed. Nat'l Mortgage Ass'n, 704 So.2d 1110, 1112 (Fla. 5th DCA 1998). The failure to strictly adhere to the statutes' requirements deprives the court of jurisdiction over the defendant improperly served. Anthony v. Gary J. Rotella & Assocs., P.A., 906 So.2d 1205, 1207 (Fla. 4th DCA 2005).
A mortgage holder may serve process by publication in a foreclosure action. See § 49.011, Fla. Stat. (2003). However, it may do so only "[w]here personal service of process or . . . service of process under § 48.194 cannot be had." § 49.021, Fla. Stat. (2005). For service by publication on a natural person, a mortgage holder must provide a sworn statement showing, inter alia, "[t]hat diligent search and inquiry have been made to discover the name and residence of such person." § 49.041, Fla. Stat. (2005).
Here, Deutsche Bank's affidavit of diligent search, which described the databases it searched, was facially sufficient because it "allege[d] that a diligent search and inquiry was made." Floyd, 704 So.2d at 1112. However, the inquiry does not end there. It remains the trial court's duty
to determine whether the appellee actually conducted an adequate search. Here, too, it is the plaintiff's burden to prove the legal sufficiency of the proof when challenged.... The test to determine whether plaintiff conducted a diligent search and inquiry is "whether the complainant reasonably employed the knowledge at his command, made diligent *344 inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant."
Demars v. Village of Sandalwood Lakes Homeowners Ass'n, 625 So.2d 1219, 1224 (Fla. 4th DCA 1993) (quoting Canzoniero v. Canzoniero, 305 So.2d 801, 803 (Fla. 4th DCA 1975)).
The instant record shows that Deutsche Bank did not conduct a diligent search to acquire the Shepheards' address for proper service of process. First, Deutsche Bank's single attempt at personal service, taken alone, cannot prove diligent search. Courts routinely hold that "proof of a few attempts at service of process are insufficient to prove diligent search." Demars, 625 So.2d at 1221 (holding that two attempts at service of process was insufficient to show diligent search); see also Tulpere v. Duval Fed. Sav. & Loan Ass'n, 548 So.2d 1190, 1191 (Fla. 4th DCA 1989) (holding that "[s]imply stating that the defendant's residence is unknown" after one attempt at service did not justify constructive service).
More importantly, Deutsche Bank did not follow leads likely to reveal the Shepheards' residence. The record contains incontrovertible evidence that Homecomings possessed the Shepheards' correct address in England before Deutsche Bank filed its foreclosure complaint and attempted service. Furthermore, Deutsche Bank submitted at trial a notice of rights, dated December 16, 2002, sent by Homecomings to Heather at her correct address. The notice was dated three months before Deutsche Bank alleged that, after diligent search, it knew neither the Shepheards' residence nor whether they were alive or dead. Deutsche Bank's admission in its pretrial memorandum that the Shepheards communicated with it and its predecessor, coupled with Nigel's copies of e-mails and faxes between Homecomings and him, further undermines the diligence of Deutsche Bank's search.
A diligent search for a defendant's whereabouts requires inquiry of persons likely or presumed to know the defendant's location. Dor Cha, Inc. v. Hollingsworth, 876 So.2d 678, 680 (Fla. 4th DCA 2004). In a mortgage foreclosure action, one obvious step in a diligent search is to research mortgage servicing records. See Reina v. Barnett Bank, N.A., 766 So.2d 290, 291 (Fla. 4th DCA 2000). Deutsche Bank knew that the Shepheards paid the mortgage until November 2002; therefore, it should have questioned Homecomings, which serviced the mortgage and possessed the Shepheards' correct address. Its failure to do so demonstrates a lack of "conscientious effort.. . to acquire the information necessary to accomplish personal service on the persons holding title or having possession of the mortgaged property so as to provide them with notice of the proceedings." Floyd, 704 So.2d at 1112. Compare Southeast & Assocs. v. Fox Run Homeowners Ass'n, 704 So.2d 694, 695 (Fla. 4th DCA 1997).
Had it acquired their address, Deutsche Bank could have properly served the Shepheards with process, despite their foreign residence. See Armet S.N.C. di Ferronato Giovanni & Co. v. Hornsby, 744 So.2d 1119, 1120 (Fla. 1st DCA 1999). Additionally, Deutsche Bank could have attempted substitute service of process through registered mail, in strict compliance with the provision of section 48.194 of the Florida Statutes. Because Deutsche Bank declined to ask for the Shepheards' address from the party most likely to possess the information, its conduct led directly to its alleged unawareness of the Shepheards' address. See M.C. v. A.H., 745 So.2d 396, *345 397 (Fla. 4th DCA 1999). As such, Deutsche Bank's did not comply with the statutory requirements for constructive service because it did not conduct a diligent search.
A judgment against a defendant based upon improper service by publication lacks authority of law. Batchin v. Barnett Bank of Southwest Florida, 647 So.2d 211, 213 (Fla. 2d DCA 1994). Such improper service renders the judgment either void or voidable. Decker v. Kaplus, 763 So.2d 1229, 1230 (Fla. 5th DCA 2000); Reina, 766 So.2d at 292. The judgment is void where the service of process is so defective that it amounts to no notice of the proceedings. Reina, 766 So.2d at 292. The judgment is voidable if the irregular or defective service actually gives notice of the proceedings. Decker v. Kaplus, 763 So.2d 1229, 1230 (Fla. 5th DCA 2000). The instant record only shows evidence that Nigel was aware of the legal proceedings. Accordingly, the default judgment entered against Heather is void for lack of jurisdiction.
Deutsche Bank raises three arguments against affording Heather relief. First, Deutsche Bank contends that Heather did appear because Nigel's letter, dated June 30, 2003, referred to their mortgage, their check, and their address. Deutsche Bank cites no cases which support its position, and existing caselaw holds to the contrary. Since Nigel was not an attorney admitted to practice in Florida, papers filed by him could not legally be in a representative capacity for Heather.
In its second argument, Deutsche Bank contends that Heather is not entitled to receive any relief because she idly permitted the default judgment to be entered against her. Critically, this argument fails to distinguish between void and voidable judgments. A void judgment is a nullity that cannot be validated by the passage of time and may be attacked at any time. M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1082 (Fla. 4th DCA 2000)(citing Ramagli Realty Co. v. Craver, 121 So.2d 648, 654 (Fla.1960)). Moreover, the cases cited by Deutsche Bank in support of its undue delay argument are distinguishable because, in each case, the record showed that the party unsuccessfully challenging the default judgment either had been properly served with process or indisputably knew about the proceedings against it.
In its third argument, Deutsche Bank argues that its constructive service was sufficient. As discussed above, this assertion is incorrect.
In summary, Deutsche Bank did not conduct a diligent search in strict compliance with the Florida Statutes governing service of process with regard to Heather. Because Deutsche Bank has the burden of proof when invoking the jurisdiction of the court, but cannot show evidence that Heather had notice of the legal proceedings against her, the judgment against her is void and must be vacated.
As for Nigel, the record shows that he voluntarily appeared in the instant proceedings and had notice of his obligation to appear at the pretrial conference. Having failed to do so, the court's entry of final judgment against him was proper.
AFFIRMED in part, REVERSED in part; REMANDED.
GRIFFIN and ORFINGER, JJ., concur.