CONNER, J.
Appellee LaSalle Bank (“LaSalle”) filed a complaint to foreclose on a note and mortgage on February 12, 2009. LaSalle unsuccessfully attempted to personally serve Parker. LaSalle then filed an affidavit of constructive service with an affidavit of diligent search and inquiry from Scott Harris, a process server, showing that personal service could not be made despite a diligent search and inquiry to determine the whereabouts of Parker. LaSalle constructively served Parker by publishing notice of action in the newspaper two weeks in a row, on May 27, 2009, and June 3, 2009.
A default and final judgment of foreclosure was entered in LaSalle’s favor, and a public sale was scheduled for December 1, 2009. On December 22, 2009, Parker filed an emergency motion to quash service of process. After an evidentiary hearing, the trial court denied the emergency motion to quash, stating that service was proper. We determine that LaSalle did not conduct a sufficient diligent search and inquiry to support constructive service of process and reverse the trial court’s decision.
Parker argues that LaSalle’s affidavit of constructive service is insufficient to demonstrate due diligence because the affidavit of diligent search and inquiry was insufficient to demonstrate reasonable and conscientious efforts to actually locate Parker. LaSalle primarily relies on Reina v. Barnett Bank, 766 So.2d 290 (Fla. 4th DCA 2000) to support its arguments. In Reina, the bank attempted to serve Reina with a complaint to foreclose a mortgage. The property was vacant when the bank attempted service. An affidavit was filed to show that diligent search for Reina occurred. The affidavit stated service by the sheriff was attempted, and a return of no service was received. The affidavit provided that the bank attempted to locate *978 Reina through the post office, mortgage service records, telephone directories, and speaking to former neighbors. Notice was then published in the newspaper two weeks in a row. A default and summary-judgment were entered when Reina failed to file an answer. Ten months later, Rei-na served a motion to quash service of process and to vacate the judgment. Id. at 291. Reina argued that the bank knew at all times of his whereabouts because of his checking account. The court determined that the bank’s “constructive service was not so defective that it amounted to no notice at all.” Even though the bank did not exhaust all options to inquire about Reina’s whereabouts, at most the judgment was voidable. Id. at 292. Since Reina had waited several months to file his motion to vacate, the court held the trial court did not abuse its discretion in denying the motion to vacate.
This case is more akin to Demars v. Village of Sandalwood Lakes Homeowners Association, 625 So.2d 1219 (Fla. 4th DCA 1993). In that case, a homeowners association filed suit to foreclose on a lien for unpaid assessments and obtained judgment. The association attempted personal service twice at the homeowner’s residence. A tenant at the residence did not know how to contact the homeowner. To establish a diligent search for constructive service, the association’s attorney called a mortgage holder and the power company. Neither would divulge information over the phone, and the association’s attorney did not follow up with a letter. The court held the association’s search did not meet the standards of reasonable diligence because the attorney for the association did not follow up on any of his inquiries. Therefore, the constructive service was defective, rendering the judgment of foreclosure voidable.
In this case, the record reflects only one return of service. According to the affidavit of diligent search and inquiry, Harris next searched credit information, directory assistance, motor vehicle records, the post office, property tax records, national death records, and prison records to try and locate Parker. However, the affidavit shows the search for Parker was less than diligent. Regarding efforts to locate Parker at her last known address (the subject property) is a statement that “Process Server stated: Tenant occupied.” No indication exists as to when the process server went to the premises or how he determined it was “tenant occupied.” Further, no indication exists that the process server inquired of the tenant the whereabouts of Parker. Under the section of the affidavit titled “Inquiry of Neighbors at Last Known Address,” it merely states: “Unable to contact neighbors,” with no statement as to who made attempt, or on what dates or any description of any attempt made. Under the section “Freedom of Information Act Inquiry Made to U.S. Postal Service,” it says “Requested change of address or boxholder information [at property address] on 2/19/09. Upon receipt of their response, will promptly revert,” with no follow-up of any information received from the post office.
“[P]roof of a few attempts at service of process are insufficient to prove diligent search.” Demars, 625 So.2d at 1221. In this case, personal service was attempted only once. As in Demars, the affidavit of diligent search filed in this case displays a pattern of failure to follow up on inquiries and leads that could have revealed Parker’s location. Therefore, we find LaSalle’s search did not meet the standards of reasonable diligence. Further, this case is distinguishable from Rei-na in that Parker was diligent in pursuing the motion to quash. Parker’s trial coun *979 sel filed a special limited appearance to attack the service of process fourteen days after entry of final judgment and filed an emergency motion to quash six days later. Therefore, we reverse, finding the final judgment entered in this case voidable, and remand for further proceedings.

Reversed and remanded.

WARNER and POLEN, JJ., concur.