CIKLIN, J.
The plaintiff, Kathleen G. Kozinski, P.A. (“Kozinski”), appeals the trial court’s order granting the defendant Jill Phillips’s motion to vacate judgment and quash service of process (the “Order”). Among other things, Kozinski argues that the trial court erred by setting aside a judgment due to defective or irregular service of process more than a year after the court rendered the judgment. Kozinski also argues that the trial court erred by determining that the final judgment was void because Ko-zinski failed to file an original promissory note with the court before the court entered the judgment. We agree with Ko-zinski on both issues, and accordingly we reverse the trial court’s Order and remand the case to the trial court to reinstate the judgment in favor of Kozinski.
In July 2010, Kozinski entered into a fee agreement with Audre Phillips and her daughter, Jill Phillips, to represent them in trust litigation. In addition to setting an hourly rate and payment conditions, the fee agreement required Jill Phillips to execute a life insurance policy in lieu of a fee and cost retainer, to be paid to Kozinski in the event Jill Phillips died during the litigation. The fee agreement also required Jill Phillips to execute a promissory note stating that she or her successors would be obligated to pay Kozinski $750,000 for “value received.” Jill Phillips executed the promissory note in September 2010.
On December 22, 2010, Kozinski filed a complaint against Jill Phillips alleging that Phillips retained Kozinski “pursuant to a certain retainer agreement.” Kozinski further alleged that Phillips owed Kozinski $450,000, “but has not paid [Kozinski] pursuant to the terms and conditions of the retainer agreement, and [Kozinski] demands judgment therefore.” The complaint also asserted that Jill Phillips had executed a promissory note “[i]n order to secure fees and costs of [Kozinski].”
The bottom of the complaint included a section labeled “Acceptance of Service” which stated “Defendant, JILL A. PHILLIPS, hereby accepts personal service of the foregoing Complaint this 21st day of December, 2010, and agrees to the entry of judgment without further notice.” Jill Phillips signed the “Acceptance of Service” section. Kozinski attached copies of the fee agreement and promissory note to the complaint.
Kozinski then sent Jill Phillips a letter informing her that a complaint had been filed against her and requesting that Jill and Audre Phillips sign a waiver of conflict and waiver of summons. Kozinski also sent Jill Phillips a notice which again informed her that a complaint had been filed against her, that she had the right to hire an attorney to represent her in the action, and that if she failed to file written defenses, a default would be entered against her for the relief demanded in the complaint.
On December 23, 2010, Jill Phillips and Audre Phillips (despite the fact that Kozin-ski did not sue Audre) executed a document titled “Waiver of Service of Sum *1267 mons” which stated “We waive service of summons of the Complaint.” In the same waiver, Jill and Audre Phillips waived “any actual or perceived conflicts of interest” with Kozinski. Kozinski did not file this waiver with the trial court before the court entered the default judgment.[1]
Kozinski filed a Motion for Default Final Judgment in the case against Jill Phillips. Kozinski sent Jill Phillips a notice of hearing on the motion. Phillips did not appear at the hearing, and on January 14, 2011, the trial court rendered a final judgment in favor of Kozinski in the amount of $450,000. The order noted that Jill Phillips personally accepted service, waived notice of hearing, received notice of the hearing, and did not appear at the hearing.
In October 2012 — about twenty-one months after the trial court rendered the final judgment in favor of Kozinski — Jill Phillips moved to vacate the judgment under Florida Rule of Civil Procedure 1.540. Among other reasons, Phillips argued the judgment was void and should be vacated because service of process on Phillips was improper, defective, and invalid, and because Kozinski failed to file the original promissory note in the action.[2]
Kozinski filed a memorandum of law in response to the motion to vacate. Kozin-ski argued that defective service makes a judgment voidable, not void, and that the one-year limitation for moving to vacate a voidable judgment had passed.[3] Kozinski also argued that filing the original promissory note was unnecessary because Kozin-ski was suing under the fee agreement, not the promissory note.
The trial court vacated the judgment, quashed the acceptance of service and waiver of service, and gave Kozinski 120 days to file a new complaint. In the Order, the trial court determined that the judgment was void, not voidable, because Phillips was never properly served. Because it was void, the trial court reasoned, the one-year time limitation was not applicable to Phillips. The court also concluded that without proper service, personal jurisdiction was actually never obtained over Phillips in the first instance. Finally, the court found that the judgment must be vacated because Kozinski failed to attach the original promissory note to her complaint or file the original promissory note with the court before the final judgment was entered.
Kozinski timely appealed the Order. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5).
Analysis
“An order granting a motion to vacate a default final judgment is reviewed under a ‘gross abuse of discretion’ standard.” DND Mail Corp. v. Andgen Props., LLC, 28 So.3d 111, 113 (Fla. 4th DCA 2010) (citations omitted). “A ruling on personal jurisdiction should be reviewed de novo.” Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005) (citation omitted).
*1268 Florida law clearly distinguishes between void judgments, which a party may move to vacate at any time, and voidable judgments, which a party must move to vacate within one year of the entry of the judgment. See Cannella v. Auto-Owners Ins. Co., 801 So.2d 94, 100 (Fla.2001) (citing Decker v. Kaplus, 763 So.2d 1229, 1230 (Fla. 5th DCA 2000)). A total lack of service of process renders a judgment void, not voidable. See M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1080 (Fla. 4th DCA 2000) (“[A] judgment entered without service of process on the defendant is void and may be attacked at any time ....”) (citations omitted). Defective service of process, however, renders a judgment voidable. See Cannella, 801 So.2d at 100; Decker, 763 So.2d at 1230.
As the Decker court explained:
A distinction is to be noted between a total want of service where the defendant received no notice at all, and a sendee which is irregular or defective but actually gives the defendant notice of the proceedings against him. The former confers no jurisdiction of the person by the court, but the latter or defective service of process, on the contrary, confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked.
Decker, 763 So.2d at 1230 (quoting State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 652 (1936)).
“It is only where service is so defective as to amount to no notice that a judgment is void, because then there is a denial of due process. Where notice is adequate, defects in process or service of process are waived if not timely raised.” Paleias v. Wang, 632 So.2d 1132, 1135 (Fla. 4th DCA 1994) (Klein, J., concurring specially) (citations and footnote omitted). Further, cases addressing insufficient service of process have emphasized that a defendant may not “simply ignore the process, sit idly by, let default be entered against it,” and then successfully move to set aside the judgment more than a year after it is rendered. Craven v. J.M. Fields, Inc., 226 So.2d 407, 410 (Fla. 4th DCA 1969). Instead, “[a] party complaining of an irregular service or return is required to move diligently to effectuate those remedies available to [the party] by our rules of civil procedure lest [the party] suffer the consequences.” Id.
In this case, Kozinski personally served the complaint on Jill Phillips, Kozinski mailed Phillips a notice with information typically included in a summons, and Ko-zinski sent Phillips a notice of the hearing on the motion for default judgment. We agree with Phillips that Kozinski never served Phillips with process in compliance with the statutes. Nevertheless, we conclude that Kozinski’s defective attempts at service of process were sufficient to put Phillips on notice of the proceedings against her. Because the defective service was sufficient to put Phillips on notice of the lawsuit against her, the one-year time limitation for voidable judgments applied and it was improper for the trial court to vacate the 2011 judgment almost two years after it was entered.
We stress that our holding should be limited to the facts of this case, in which Kozinski served Phillips with numerous, albeit defective, documents that undoubtedly gave Phillips multiple actual notices of the suit against her and her obligation to timely contest the action or risk a default judgment. A specific and unequivocal notice of the commencement of litigation is the purpose of service of process. We do not condone Kozinski’s method of commencing her lawsuit against Phillips, and our holding should not be construed as *1269 eliminating the need for proper service of process under the statutes.[4]
We now turn to the second issue: whether the judgment was void because Kozinski failed to file the original promissory note before the trial court entered the final judgment. Kozinski was not required to file the original promissory note in her lawsuit because she sued under the fee agreement, not the promissory note. While the complaint could have been worded better, the complaint alleged that Phillips retained Kozinski and owed Kozinski $450,000 “but has not paid [Kozinski] pursuant to the terms and conditions of the retainer agreement.” The complaint did not seek to collect under the promissory note, and therefore Kozinski was not required to attach it.[5]
For the foregoing reasons, we reverse the Order and remand the case with instructions to the trial court to reinstate the 2011 judgment.

Reversed and remanded with instructions.

WARNER and GERBER, JJ., concur.

. On appeal, the parties dispute whether Jill Phillips effectively waived service of process. Because we conclude that the one-year time limitation for vacating the judgment applied, we do not reach the issue of whether Jill Phillips waived service of process.

. Florida Rule of Civil Procedure 1.540(b) provides that “the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons ... that the judgment or decree is void ...."

.A void judgment may be attacked at any time, but in order to attack a voidable judgment, the moving party has "one year after the final judgment [is] entered to move to set aside the judgment pursuant to Florida Rule of Civil Procedure 1.540(b).” Decker v. Kaplus, 763 So.2d 1229, 1230 (Fla. 5th DCA 2000) (citation omitted).

. We suspect that, with the benefit of hindsight, Kozinski would have either properly served Phillips with process or taken greater care to ensure that her request for waiver of service of process complied with the strict requirements of Florida Rule of Civil Procedure 1.070(i).

. Because we conclude that Kozinski was not required to attach or file the original promissory note, we do not address whether this was a proper argument for a 1.540(b) motion filed more than a year after judgment was entered.