W. SHARP, Judge.
Taito Corporation appeals from an order of the trial court which denied its motions to quash service of process and set aside a default judgment entered against it. This court has jurisdiction.[1] Because we find that the record completely fails to establish personal service of process over Taito.[2] We reverse.
After a default was entered against Taito, but before entry. of the judgment, Taito moved to dismiss the default and a hearing was held. Originally, the judge granted Tai-to’s motion, but the next day, appellees filed an objection and a second hearing was held. After this hearing, the trial court reversed itself, and Taito brought this appeal. At neither hearing was any testimony adduced, *1157 and the evidence in the record on appeal consists solely of affidavits and depositions.
The record on appeal establishes that Tai-to is a Japanese corporation. It has no office, officers nor agents in this country. Taito America was shown to be an Illinois based corporation which acts as a distributor for Taito. The two were not shown by affidavit or evidence to be other than separate and independent corporations. The record also established without dispute that Taito manufactured printed circuit boards in Japan. Taito America imported some circuit boards from Taito, to Illinois, and installed one of them in a game. Taito America sold the product to Cleveland Coin Company, its distributor. Cleveland then sold the game to the Marriott or to another party who then sold it to the Marriott. The game was eventually installed in an arcade ride in Florida. The plaintiffs minor son, John Ferris, was injured in an accident involving the arcade ride, which was the germination for this lawsuit.
The Ferrises tried to serve Taito through Taito America. They served Bianca Villareal, an employee of Taito America, in Illinois, pursuant to Section 48.194. On April 26,1995 a default was entered against Taito. Taito was so informed, and on September 6, 1995, Taito America faxed a copy of the summons to Taito in Japan.
Taito filed a motion to set aside the default and to quash service of process on October 2, 1995. Ultimately the trial court denied the motions. It may have relied upon the fact that there was a considerable delay between the time Taito learned of the default and the time it moved to have it set aside. We think that is immaterial in this ease.
The record on appeal affords no constitutional or statutory basis for concluding that Taito was properly served in Illinois. Service on an agent or employee for a different corporation in Illinois is insufficient service on Taito. See Valdosta Milling Co. v. Garretson, 54 So.2d 196 (Fla.1951); Southeastern Mail Transport, Inc. v. Amoco Oil Co., 402 So.2d 522, 524 (Fla. 1st DCA 1981); Dade Erection Service, Inc. v. Sims Crane Service, Inc., 379 So.2d 423 (Fla. 2d DCA 1980). For purposes of validating service on a corporation, a business agent must have the general authority to act for the corporation. Id. Neither Taito America nor its employee meets these requirements. Affidavits offered for Taito established that Taito has no office in the United States, and it does not do business in Illinois. The Ferrises failed to controvert any of these facts by affidavit or depositions. Nor did they establish any basis to conclude that Taito and Taito of America are anything other than separate corporations. Mere status as a parent corporation is ineffective to establish long-arm jurisdiction. Qualley v. International Air Serv. Co., 595 So.2d 194, 196 (Fla. 3d DCA 1992).
We conclude that service of process in this case was not properly made on Taito, in Illinois. Thus, the default judgment must be vacated and service of process quashed. See Huguenor v. Huguenor, 420 So.2d 344 (Fla. 5th DCA 1982); Bache, Halsey, Stuart, Shields, Inc. v. Mendoza, 400 So.2d 558 (Fla. 3d DCA 1981); Dade Erection Service, at 426. We do not reach, nor should the trial court have reached, the issues of excusable neglect, due diligence and meritorious defenses, vel non. Taito was not properly served with process. Accordingly the default judgment cannot stand.
REVERSED.
GRIFFIN and THOMPSON, JJ., concur.

. This court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) and (a)(5) (set aside default). See Khubani v. Mikulic, 620 So.2d 800, 801 (Fla. 2d DCA 1993); Monte Campbell Crane Co., Inc. v. Hancock, 510 So.2d 1104, 1105 (Fla. 4th DCA 1987). See also Fla. R.App. P. 9.130(a)(3)(C)(i) (quash service of process); Local No. 666 Concrete Products and Material Yard Workers v. Dennis, 453 So.2d 1138 (Fla. 4th DCA 1984).

. Incidentally, the basis for exercising personal jurisdiction over Taito in Florida is not clear either, but this point was not raised or argued by the parties. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Kulko v. California Superior Court, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696-1697, 56 L.Ed.2d 132 (1978); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).