876 So.2d 678 (2004)
DOR CHA, INC., a dissolved Florida corporation, Appellant,
v.
Wendell S. HOLLINGSWORTH, Appellee.
No. 4D03-2310.
District Court of Appeal of Florida, Fourth District.
June 23, 2004.
*679 Stanley Jay Bartel of the Law Offices of Stanley Jay Bartel, Miami, for appellant.
Jeffrey H. Rosenthal, Boca Raton, for appellee.
TAYLOR, J.
Dor Cha, Inc. appeals the denial of its motion to set side a default and default final judgment. The motion, brought under Fla. R. Civ. P. 1.540(b)(4), alleged that the final judgment was void because it was based on defective and inadequate service of process. The trial court denied the motion, ruling that the motion had to be brought within one year under rule 1.540 and had to allege a meritorious defense. We reverse.
Appellee, the plaintiff below, concedes that a motion to vacate a void judgment for inadequate service of process may be made at any time and that the motion need not allege a meritorious defense. See M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079 (Fla. 4th DCA 2000)(void judgment for inadequate service of process may be attacked at any time); Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987)(attack on void judgment for lack of service of process does not require allegation of meritorious defense). The plaintiff argues, however, that his process by constructive service complied with the essential requirements of Chapter 46 of the Florida Statutes, thus giving the court jurisdiction to render a judgment by default.
The plaintiff sued Dor Cha, Inc., a dissolved Florida corporation, to quiet plaintiff's title to four vacant lots in Palm Beach County, Florida. The corporate principal's name, as alleged in the complaint, is Stephen R. Sonson. However, all of plaintiff's efforts to locate Mr. Sonson were mistakenly directed at "Stephen R. Sanson." In his diligent search affidavit, the plaintiff stated that he made a thorough computer search of the defendant corporation and obtained "the name of the principal of the corporation, Stephen R. Sanson." He then obtained the records of the State of Florida Department of Highway Safety and *680 Motor Vehicles, Division of Driver Licenses, and "obtained an address for Stephen R. Sanson." When he attempted to serve the defendant corporation through its principal at the address obtained, he discovered that "said address does not exist." These efforts, made in a search for the wrong individual, comprised the extent of the plaintiff's alleged diligence.
A party seeking to utilize service by publication must be able to show that personal service could not be made. Schram v. Dep't. of Prof'l Regulation, 603 So.2d 1307 (Fla. 1st DCA 1992); Gans v. Heathgate-Sunflower Homeowners Ass'n, Inc., 593 So.2d 549, 551 (Fla. 4th DCA 1992). The plaintiff must show an honest and conscientious effort, reasonably appropriate to the circumstances, to acquire the information necessary to fully comply with the controlling statutes. Id.
In Mayo v. Mayo, 344 So.2d 933, 936 (Fla. 2d DCA 1977), the second district stated the general rule for a diligent search, as follows:
It is basic that to constitute diligent search and inquiry to discover the whereabouts of a party, that inquiry should be made of persons likely or presumed to know such whereabouts.
In this case the record does not show any such inquiry on the plaintiff's part. The plaintiff was not careful in his search, crucially misspelling Mr. Sonson's name in the inquiry that he made of the driver's license department. Then, when the address that he obtained came back as "non-existent," he apparently did nothing further to locate Mr. Sonson. Moreover, he failed to inquire of other sources of information readily available to him. As Mr. Sonson's unrefuted affidavit states:
... the Plaintiff herein had previously filed a Quiet Title claim in Palm Beach County Court in a matter wherein Peter Cagle represented me, yet no attempt was made to locate me through Peter Cagle, Esq.
See Torelli v. Travelers' Indem. Co., 495 So.2d 837 (Fla. 3d DCA 1986) (failure to make inquiry of defendant's known attorney compels reversal); see also, Gmaz v. King, 238 So.2d 511 (Fla. 2d DCA 1970)(plaintiff charged with matters of record in the prior proceedings in which she received tax deed).
We therefore reverse the order denying the motion to set aside the default judgment and remand this cause for further proceedings.
All other issues raised are moot.
REVERSED and REMANDED for proceedings consistent with this opinion.
GUNTHER and STEVENSON, JJ., concur.