938 So.2d 620 (2006)
J.M., MOTHER OF A.F., A CHILD, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, et. al. Appellee.
Case No. 5D05-3544.
District Court of Appeal of Florida, Fifth District.
Opinion filed October 5, 2006.
David T. Young of David T. Young, P.A., Rockledge, for Appellant.
Charles D. Peters, Orlando, for Appellee.
Kelly A. Swartz and Thomas Wade Young, Orlando, for Guardian Ad Litem Program.
TORPY, J.
In this parental rights termination case, the only issue that we need consider is whether the trial court erred by denying Appellant's motion to set aside the final judgment because of insufficient service of process. We conclude that, because the Department did not conduct a diligent search for Appellant in an effort to effect actual service of process, constructive service was not proper. Therefore, we reverse the challenged order and remand this cause for further proceedings consistent with this opinion.
Appellant and the father of A.F. apparently had a tumultuous relationship. After an incident of domestic violence in February of 2004, during which the father choked Appellant, the Department sheltered A.F., who was then nine months old. Shortly thereafter, the Department filed a petition seeking the court's declaration that the child was dependent as to Appellant and the father. Although the initial goal of the dependency case was reunification, Appellant made little, if any, progress towards completion of her case plan and had little contact with her child. Consequently, the Department sought termination of the parental rights of both parents by filing a petition for termination of parental rights on February 28, 2005.
The Department made no attempt to serve the termination petition upon Appellant by actual service.[1] Instead, on March 9, 2005, the Department filed an "Affidavit of Diligent Search and Inquiry" evidencing attempts that it had made to contact Appellant in connection with the dependency proceedings in November and December of 2004 and in January of 2005. The affidavit had been executed by agents of the Department on January 28, 2005, approximately one month before the termination petition was filed.
Thereafter, the Department proceeded to serve the termination petition and summons by publication in The Florida Today newspaper. On April 8, 2005, proof of service by publication was filed in the lower court. The lower court entered a default against Appellant based upon her failure to appear in response to the published summons. A final judgment based upon the default subsequently entered. Appellant, thereafter, filed a motion to set aside the default based upon, among other things, insufficient service of process. When the lower court denied Appellant's motion, this appeal timely ensued.[2]
In a proceeding to terminate parental rights, personal service of the petition and summons on each parent is required, unless personal service "cannot be had" after diligent search and inquiry, in which case constructive service is authorized. § 49.021, Fla. Stat. (2005); Fla. R. Juv. P. 8.505(a)(1); M.J.W. v. Dep't of Children & Families, 825 So. 2d 1038, 1040-41 (Fla. 1st DCA 2002). When constructive service is employed, however, strict statutory compliance is imperative; otherwise, service is ineffective and any judgment based thereon is void or voidable. Shepheard v. Deutsche Bank Trust Co. Americas, 922 So. 2d 340, 343 (Fla. 5th DCA 2006); Floyd v. Fed. Nat'l Mortgage Ass'n, 704 So. 2d 1110, 1112 (Fla 5th DCA 1998). It is the petitioner's burden to show that constructive service was proper. Shepheard, 922 So. 2d at 343. When challenge is made on the basis that a diligent search had not been conducted, it is the trial court's duty to determine whether "the [petitioner] reasonably employed the knowledge at [its] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable [it] to effect actual service." Id. at 343-44.
Although the trial court made a finding that "the affidavit of diligent search was proper," it made no attempt to determine whether the Department had actually conducted a diligent search. Instead, the trial court concluded that the motion to set aside should be denied because Appellant had failed to demonstrate excusable neglect and a meritorious defense. In reaching this legal conclusion, the trial court employed the wrong analysis. The requirement that a movant establish excusable neglect and a meritorious defense is not applicable when, as here, sufficiency of the service of process is the issue. Green Solutions Int'l, Inc. v. Gilligan, 807 So. 2d 693, 696 (Fla. 5th DCA 2002) (proof of a meritorious defense and excusable neglect is not necessary when default is void because of failure to comply with due process requirements); Int'l Energy Corp. v. Hachett, 687 So. 2d 941, 943 (Fla. 3d DCA 1997); Taito Corp. v. Ferris, 681 So. 2d 1156, 1157 (Fla. 5th DCA 1996); Henry P. Trawick, Jr., Florida Practice and Procedure § 25-3 (2005 ed.).[3]
Here, the record clearly bears out that the Department did not conduct a diligent search and inquiry. At all material times, the Department knew the precise location of Appellant's place of employment. Indeed, the Department identified Appellant's place of employment in its dependency petition. Furthermore, the record reflects that Appellant had executed a document, filed in open court, known as a "Permanent Mailing Address Designation and Warning." (Emphasis added). In that document, Appellant provided a specific mailing address in Satellite Beach, Florida. Later, at the hearing on Appellant's motion to set aside the default, Appellant testified that the Satellite Beach address had remained her mailing address throughout the dependency and termination proceedings. Appellant explained that the address was that of her best friend, who knew where Appellant could be located at any given moment and who forwarded to Appellant all mail received. At no time during the proceedings did Appellant ever inform the court that this written designation had changed.
The Department never attempted to deliver the termination petition to Appellant. Instead, it documented in its "Affidavit of Diligent Search and Inquiry" numerous purported attempts to contact Appellant prior to the filing of the termination petition.[4] These included an attempt to contact Appellant at an address given to the Department by the child's father and the child's father's probation officer. The Department also attempted to contact Appellant at an address it claimed was given to the court by a "parent" at a court proceeding on December 15, 2004. The record before us is ambiguous as to whether proceedings were conducted before the court on December 15, 2004.[5] Nevertheless, it is unclear from the affidavit which "parent" purportedly gave this address. The Department made its last documented attempt to contact Appellant at a hotel more than one month before the petition was filed based upon information provided by an unidentified male. That attempt failed, however, because the Department's representative could not find the hotel, even though the evidence reflects that the hotel is conspicuously located on a major thoroughfare in Cocoa Beach. Beyond that, the Department merely sent letters to the IRS and the Social Security Administration, to which no response was received.
We find these attempts at contact to be woefully deficient. The Department did not allege any attempt to contact Appellant at the address she had provided to the court in writing, nor did it attempt to contact Appellant at her place of employment. See Dor Cha, Inc. v. Hollingsworth, 876 So. 2d 678, 680 (Fla. 4th DCA 2004) (diligent search requires inquiry of persons likely or presumed to know the defendant's location). Most of the attempts at contact appear to have been at addresses provided by, and for, the child's father based on the Department's assumption that the parents remained together. The Department knew, however, that the relationship between the parents of the child was tenuous at best, given the numerous incidences of domestic violence. Finally, sending letters to the IRS and the Social Security Administration, while ignoring the other information available to the Department, was clearly a specious attempt to locate Appellant.
REVERSED AND REMANDED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] The child's father consented to the termination of his parental rights.
[2] The Department did not defend this aspect of the appeal on the merits. Instead it chose only to interpose a jurisdictional objection because the lower court had not entered a written order. To expedite the proceedings involving this young child, we relinquished jurisdiction to the trial court to enter a written order, which it did. Still, the Department made no attempt to address this issue on the merits. In fact, the Department's counsel inexplicably failed to appear at oral argument. The GAL's attorney, Mr. Young, did appear, however, and performed admirably.
[3] A movant may, of course, seek alternative relief based upon this ground should the court determine that service was proper.
[4] Appellant suggests that the Department's lack of any attempt to serve the petition after it had been filed is a fatal flaw in service by publication. We need not address this argument, however, because we have concluded that a diligent search was not conducted.
[5] The court reporter certified that no such proceedings were found, although the record shows that there might have been a status conference before the magistrate.