960 So.2d 810 (2007)
N.L., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D07-176.
District Court of Appeal of Florida, Third District.
June 27, 2007.
*811 Kenneth M. Kaplan and Karl Hall, for appellant.
Karla Perkins, Assistant District Legal Counsel, Department of Children and Family Services, for appellee.
Before, COPE, C.J., and LAGOA, J., and SCHWARTZ, Senior Judge.
COPE, C.J.
The question to be decided is whether the Department of Children and Family Services (DCF) properly served the mother, N.L., with the dependency petition. Because DCF did not accomplish personal service of process on the mother and, alternatively, did not establish diligent search, we must reverse the dependency order, without prejudice to DCF on remand to accomplish service by a method allowed by the applicable statute.

I.
By way of background, N.L. gave birth to a baby who tested positive for cocaine (as did N.L.) at the time of delivery. The child was placed in shelter care and a shelter petition was filed. At the shelter hearing the trial court reviewed the sworn shelter petition, found probable cause to believe that the child was dependent, and ruled that shelter care was in the best interest of the child.
The mother had been given notice of the shelter hearing but arrived late, after the shelter order had been entered.[1] The court appointed counsel to represent the mother.
In the shelter order, the court scheduled August 1, 2006 as the date for the filing hearing, i.e., the date on which the dependency petition (which had not yet been written) would be filed. The mother was served with a summons to appear in court on August 1.[2]
At the August 1 hearing, DCF filed a petition for dependency. N.L. did not attend the hearing but her attorney was present. DCF mistakenly advised the court that the mother had been personally served with the summons and dependency petition.
The mother also failed to appear at the August 15 arraignment hearing. DCF again mistakenly advised the court that the mother had been personally served with the dependency petition. The mother's counsel argued that there was no return of service in the file.
After further inquiry DCF conceded that the dependency petition had not been served on the mother. DCF argued, however, that service on the mother's attorney was effective service on the mother. DCF also argued that the mother's failure to appear constituted consent to the dependency order. The trial court entered an adjudication of dependency and the mother has appealed.

*812 II.
The dependency petition is the initial pleading in a dependency proceeding. The petition in this case was filed on August 1, 2006.
By statute there are two methods of service of a dependency petition: personal service for a parent who can be located, and diligent search and inquiry for a parent who cannot be located. § 39.502(4)-(9), Fla. Stat. (2006).
Personal service is accomplished by personal service of the summons and dependency petition on the respondent or respondents in the dependency proceeding. Id. § 39.502(3)-(5); Fla. R. Juv. P. 8.225(a)(1).[3]
If a respondent cannot be located after diligent search and inquiry, then the statute allows the case to proceed upon the filing of "an affidavit of diligent search prepared by the person who made the search and inquiry, and the court may appoint a guardian ad litem for the child." § 39.502(8), Fla. Stat. (2006).[4]
In this case there was no personal service of the dependency petition on the mother and no affidavit of diligent search. It follows that the court never acquired jurisdiction of the mother for purposes of the dependency proceeding. The dependency order must be reversed, without prejudice to the Department to serve the mother by a method allowed by the statute.[5]

III.
DCF argues, and the trial court agreed, that service of the dependency petition on the mother's counsel was effective to accomplish personal service on the mother. That is not so.
The initial dependency must be served personally or through affidavit of diligent search. § 39.502(3)-(9), Fla. Stat. (2006). Thereafter, pleadings, papers and orders are to be served on counsel where a party is represented by an attorney. Fla. R. Juv. P 8.225(c)(4). The cases relied on by DCF involved notices and papers filed after the initial petition. L.W. v. Fla. Dep't of Children and Family Servs., 829 So.2d 938 (Fla. 3d DCA 2002); M.A. v. Dep't of Children and Family Servs., 760 So.2d 249 (Fla. 3d DCA 2000); M.E. v. Dep't of Children and Family Servs., 728 So.2d 367 (Fla. 3d DCA 1999). None of these cases involve the service of initial process.
DCF also argues that the mother's failure to appear at the filing hearing on August 1 constituted consent to the dependency petition. The mother had been served with a summons to appear at the August 1 hearing. The summons contained a warning that failure to respond or *813 appear at the hearing constitutes consent to an adjudication of the child as dependent and may ultimately result in loss of custody of the child.
There is no authority for such a warning in connection with a filing hearing. Such a warning is authorized for an arraignment hearing, but not a filing hearing. See Fla. R. Juv. P. 8.225(c)(1); § 39.506(3), Fla. Stat. (2006). The trial court's entry of default was impermissible.
After the trial court entered the dependency order, the mother's counsel moved for rehearing, reiterating the argument that the mother had neither been served with process nor proceeded against by affidavit of diligent search. This motion was denied.
DCF argues that the mother's motion did not address the three-part test for vacating a default. See E.S. v. Dep't of Children and Family Servs., 878 So.2d 493, 496 (Fla. 3d DCA 2004). That test does not apply where there has been no service of process. See Dor Cha, Inc. v. Hollingsworth, 876 So.2d 678, 679 (Fla. 4th DCA 2004)("plaintiff . . . concedes that a motion to vacate a void judgment for inadequate service of process may be made at any time and that the motion need not allege a meritorious defense.") (citations omitted).

IV.
For the stated reasons, we reverse the dependency order and remand the cause to the trial court. This ruling is without prejudice to DCF to accomplish personal service or diligent search as allowed by the applicable statute.
Reversed and remanded for further consistent proceedings.
LAGOA, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
I do not know what the Department could have done that it did not do in the face of the circumstances presented by the irresponsible acts of the mother. I do know (or think I know), however, that any minor and unavoidable deviation from the letter of the law with respect to the notice given to the mother had no effect on her substantial rights, let alone those of her child, who is entitled to a parent who would not both totally abandon him and ignore lawful orders of the court, which told her in crystal clarity the consequences of her deliberate failure to appear or to be concerned. I would affirm.
NOTES
[1] Subsection 39.502(1), Florida Statutes (2006) provides, "Notice in cases involving shelter hearings . . . must be that most likely to result in actual notice to the parents."
[2] The shelter order also set forth the dates for the arraignment hearing (Aug. 15, 2006), judicial review (Dec. 19, 2006), and permanency hearing (July 17, 2007).
[3] The papers must also include notice of the arraignment hearing. Fla. R. Juv. P. 8.225(c)(1).
[4] The statute goes on to say:

(9) When an affidavit of diligent search has been filed under subsection (8), the petitioner shall continue to search for and attempt to serve the person sought until excused from further search by the court. The petitioner shall report on the results of the search at each court hearing until the person is identified or located or further search is excused by the court.
(10) Service by publication shall not be required for dependency hearings and the failure to serve a party or give notice to a participant shall not affect the validity of an order of adjudication or disposition if the court finds that the petitioner has completed a diligent search for the party.
Id. § 39.502(9)-(10).
[5] The statute also recognizes that a personal appearance by a person "obviates the necessity of serving process on that person." § 39.502(2), Fla. Stat. (2006).