# Third District Court of Appeal

## State of Florida

Opinion filed May 28, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1082
Lower Tribunal No. 23-108477-CC-05
_____

**InClaim, LLC,**
Appellant,

vs.

**Structural Wrap, LLC,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Lissette De La Rosa, Judge.

Legon Fodiman & Sudduth, P.A., and Todd A. Fodiman and Jeffrey A. Sudduth, for appellant.

Giasi Law, P.A., and Melissa A. Giasi (Tampa), for appellee.

Before EMAS, FERNANDEZ and MILLER, JJ.

EMAS, J.

## INTRODUCTION

InClaim, LLC, ("InClaim") plaintiff below, appeals an order granting the amended verified motion of defendant Structural Wrap, LLC ("Structural Wrap") to vacate a default final judgment. The trial court granted the motion and vacated the default final judgment, concluding the judgment was void because InClaim failed to utilize due diligence in attempting to serve Structural Wrap, and thus improperly relied upon section 48.161, Florida Statutes (2023), to effectuate service on Structural Wrap through substitute service on the Secretary of State.

We affirm and find no error in the trial court's determination that InClaim failed to utilize due diligence and that service of process was not properly effectuated, rendering the default final judgment void. We therefore affirm the trial court's order setting aside the default final judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2023, InClaim filed suit against Structural Wrap in county court, asserting one count of breach of contract. Attached to its complaint was the contract between the parties, dated September 15, 2020, which expressly provided that notices were to be sent to:

> **STRUCTURAL WRAP, LLC**
> **Attention:  Spiro Naos and Larry Bond**
> **10 NW 42nd Ave- Suite 320**
> **MIAMI, FL 33126**

2

In attempting to serve process on Structural Wrap, InClaim sent a process server to Structural Wrap's registered agent, Christopher M. Mouriz, at the address indicated on the Florida Division of Corporations website and in the Structural Wrap's corporate annual report. This address was 8793 S.W. 131 Street, Miami, FL 33176.

The process server provided a verified return of service, which indicated that when he attempted to serve the registered agent during statutory hours, he was told by a person in the warehouse office that "defendant has been gone for some time" and that they "did not know where they moved to." The process server also noted that there was no company name or sign posted and that the person with whom he spoke did not know the corporate managers.

InClaim did not make any attempt to effectuate service upon Spiro Naos or Larry Bond, the managers of Structural Wrap. Nor did InClaim attempt to serve process on Structural Wrap, its managers or its members at the address listed in the very contract between the parties as the address for service of notices: 10 N.W. 42nd Avenue, Suite 320, Miami FL 33126.

Instead, after this single attempted service, InClaim effectuated service on Structural Wrap by substitute service upon the Secretary of State. Counsel for InClaim then filed in the trial court an Affidavit of Compliance

3

with section 48.161, Florida Statutes (2023), averring that reasonable diligence was made to effectuate service, but that the attempted service was unsuccessful.

On January 2, 2024, when Structural Wrap filed no response to the complaint, InClaim filed a motion for judicial default, and set it for a hearing. A copy of the notice of hearing was sent only to the 8793 S.W. 131 Street address. The judicial default was granted on February 7, 2024. InClaim then moved for entry of a default final judgment, which was granted (apparently without a formal hearing) and default final judgment was entered on February 9, 2024. The default final judgment, prepared by InClaim states in pertinent part:

> Plaintiff, INCLAIM, LLC, whose address is 170 Solano Prado, Miami, FL 33156, shall recover damages from Defendant, **STRUCTRAL WRAP, LLC, whose address is 10 NW 42nd Avenue, Suite 320, Miami, Florida 33126**, the principal amount of. . . .

(Emphasis added).

InClaim sent a copy of the default final judgment by certified mail to Structural Wrap, Larry Bond and Spiro Naos, at **both** the 8793 S.W. 131 Street address **and** the 10 N.W. 42nd Avenue address.

Less than a week later, on February 16, 2024, Structural Wrap filed a verified motion to vacate the default final judgment, asserting the default final

4

judgment was void as a matter of law because InClaim failed to satisfy the statutory requirements of section 48.161 before resorting to substitute service on the Secretary of State. Additionally, Structural Wrap alleged that the default final judgment should be set aside because its motion demonstrated excusable neglect, presented a meritorious defense, and exercised due diligence in seeking this relief. After a hearing, this motion was denied without prejudice on February 27, 2024.

Structural Wrap filed an amended verified motion to vacate the default final judgment on April 15, 2024. In this motion, Structural Wrap made essentially the same arguments it had made in its original motion, but this time, it attached to the motion a copy of its proposed answer, affirmative defenses and a counterclaim.

InClaim responded to the amended motion, asserting the trial court had already ruled that substitute service was proper and that the amended motion to vacate should be denied because it was untimely (it was filed seven weeks after the first motion was denied) and Structural Wrap failed to demonstrate excusable neglect.

The trial court held a hearing on the amended motion and thereafter granted the motion and set aside the default final judgment, finding, inter alia, that InClaim failed to use due diligence in compliance with section 48.161

5

and 48.062, Florida Statutes, which required InClaim to make "diligent inquiry" and "an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service" before resorting to substitute service on the Secretary of State. The trial court concluded that, as a result, Structural Wrap was not afforded due process and the resulting default final judgment was void.

As an independent basis for setting aside the default final judgment, the trial court found that Structural Wrap had established excusable neglect, presented a meritorious defense and exercised due diligence in seeking to set aside the default final judgment.

## STANDARDS OF REVIEW

The standard of review of an order granting or denying a motion to vacate a default judgment is gross abuse of discretion. See Rodriguez v. Falcones, 314 So. 3d 469, 471 (Fla. 3d DCA 2019) ("An order granting a motion to vacate a default final judgment is reviewed for a gross abuse of discretion.") (citing Chetu, Inc. v. Franklin First Fin., Ltd., 276 So. 3d 39, 41 (Fla. 4th DCA 2019); Bequer v. Nat'l City Bank, 46 So. 3d 1199, 1201 (Fla. 4th DCA 2010); and LPP Mortg. Ltd. v. Bank of Am., N.A., 826 So. 2d 462, 463-64 (Fla. 3d DCA 2002)).

6

However, "a decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment." Peaceful Paws Mem'l Servs., LLC v. Tarves, 368 So. 3d 503, 506 (Fla. 3d DCA 2023). Whether the judgment is void is a question of law reviewed de novo by this court. Id. at 506-07.

## ANALYSIS AND DISCUSSION

The trial court found that the default final judgment was void because InClaim failed to reasonably employ knowledge at its command, make a conscientious effort and conduct a diligent search for where personal service could be effectuated. Specifically, the court found that, in this breach of contract action, the underlying contract "contains information that conscientious efforts appropriate to the circumstances would have revealed, i.e., the names and address for [Structural Wrap's] corporate officers at a minimum, none of which was cited to by [InClaim] in the Verified Return of Non-Service and Affidavit of Compliance . . . ." In other words, the court determined that InClaim failed to use reasonable diligence to effectuate personal service before utilizing substitute service on the Secretary of State because there was no attempt by InClaim to serve Structural Wrap at the address listed in the contract for notices to be sent to Structural Wrap and its

7

managers (10 N.W. 42nd Ave., Suite 320, Miami, FL 33126). As a result, service was not attempted in compliance with section 48.161 and the default final judgment was therefore void.

Fundamental notions of due process require strict compliance with statutes authorizing substituted or constructive service in order to confer jurisdiction. As we held in <u>Redfield Invs., A.V.V. v. Village of Pinecrest</u>, 990 So. 2d 1135, 1138 (Fla. 3d DCA 2008):

> Although personal service of process on a defendant is the usual and preferred method of serving a defendant with notice of an action, constructive service is permissible where allowed by statute. On the other hand, because the lack of personal service implicates due process concerns, a plaintiff must strictly comply with the statutory requirements. Accordingly, where, as here, there is a challenge to constructive service, the trial court has the duty to determine not only whether the affidavit of search is legally sufficient, but also whether the plaintiff conducted an adequate search to locate the defendant.

(Internal citations omitted). <u>See also</u> <u>Alvarado v. Cisneros</u>, 919 So. 2d 585, 588-89 (Fla. 3d DCA 2006) ("Because substituted service of process statutes provide an exception to the general rule that a defendant must be personally served, they must be strictly construed to protect due process guarantees.") (citing <u>Monaco v. Nealon</u>, 810 So. 2d 1084, 1085 (Fla. 4th DCA 2002) and <u>McAlice v. Kirsch</u>, 368 So. 2d 401 (Fla. 3d DCA 1979)).

"Substitute service is unauthorized if personal service could be obtained through reasonable diligence." <u>Coastal Cap. Venture, LLC v.</u>

8

Integrity Staffing Sols., Inc., 153 So. 3d 283, 285 (Fla. 2d DCA 2014) (reiterating that the plaintiff must demonstrate he "reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.") (quoting McDaniel v. McElvy, 108 So. 820, 830-31 (Fla. 1926)). Further, a "failure to utilize obvious and available leads to locate the defendant is fatal to a finding of due diligence." Id. (quoting Knabb v. Morris, 492 So. 2d 839, 841 (Fla. 5th DCA 1986)).

Where service was not properly effectuated, the subsequent default final judgment—entered because the defendant did not respond to the summons and complaint—is void. Tarves, 368 So. 3d at 507; Castro v. Charter Club, Inc., 114 So. 3d 1055, 1059 (Fla. 3d DCA 2013) ("It is axiomatic, that a judgment entered without due service of process is void.") (citations omitted).

Section 48.062(2)-(4), Florida Statutes (2023), sets forth the procedures for effectuating service on a Florida limited liability company:

> (2) A domestic limited liability company or registered foreign limited liability company may be served with process required or authorized by law by service on its registered agent designated by the domestic limited liability company or registered foreign limited liability company under chapter 605.

(3) If service cannot be made on a registered agent of the domestic limited liability company or registered foreign limited liability company because the domestic limited liability company or registered foreign limited liability company ceases to have a registered agent, or if the registered agent of the domestic limited liability company or registered foreign limited liability company cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter or chapter 605, the process may be served on any of the following:

(a) Any manager of a manager-managed domestic limited liability company. . . .

(b) Any member of a member-managed domestic limited liability company. . . .

(c) Any person listed publicly by the domestic limited liability company . . .  on its latest annual report, as most recently amended.

(4) **If, after due diligence, the process cannot be completed under subsection (2) and** if either:

(a) The only person listed publicly by the domestic limited liability company. . . on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2); or

(b) **After due diligence, service was attempted on at least one person listed publicly by the domestic limited liability company** or registered foreign limited liability company on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3),

**the service of process may be served as provided in s. 48.161 on the Secretary of State** as an agent of the domestic limited liability company or the registered foreign limited liability company or by order of the court under s. 48.102.

(Emphasis added).

10

Pursuant to section 48.161(4), Florida Statutes (2023), due diligence is considered to have been used where the party:

(a) **<u>Made diligent inquiry and exerted an honest and conscientious effort</u>** appropriate to the circumstances to acquire the information necessary to effectuate personal service;

(b) **<u>In seeking to effectuate personal service, reasonably employed the knowledge at the party's command</u>**, including knowledge obtained pursuant to paragraph (a); and

(c) **<u>Made an appropriate number of attempts to serve the party</u>**, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

(Emphasis added).

Thus, only after a plaintiff exercises "due diligence," as defined above, in attempting to serve the registered agent or a person publicly listed by the LLC, may a plaintiff rely upon substitute service to serve a Florida LLC by serving the Secretary of State.

In the instant case, the trial court found InClaim failed to exercise such due diligence because it did not attempt to serve Structural Wrap or its managers, Spiro Naos or Larry Bond, at 10 NW 42nd Avenue, Suite 320, Miami, FL 33126, even though: (1) this was a breach of contract claim and the above address was expressly listed in the underlying contract between

11

the parties as the address for notices to be delivered to the Structural Wrap and its managers; (2) InClaim prepared a default final judgment that listed the above address as the only address of Structural Wrap; and (3) InClaim sent a copy of the default final judgment by certified mail to the above address. We find no error in the trial court's determination.

## CONCLUSION

We find no error in the trial court's determination that InClaim failed to utilize due diligence and that service of process was not properly effectuated, rendering the default final judgment void. Tarves, 368 So. 3d at 507.[1]  We therefore affirm the trial court's order setting aside the default final judgment.

Affirmed.

---

[1] Because we affirm the trial court's determination that the default final judgment was void, it is unnecessary for us to reach the issue of whether Structural Wrap established excusable neglect, meritorious defenses and due diligence. See Castro v. Charter Club, Inc., 114 So. 3d 1055, 1059 (Fla. 3d DCA 2013) ("It is axiomatic, that a judgment entered without due service of process is void. Moreover, where a judgment is void due to defective service, the party seeking to vacate such a judgment need not show any other basis for vacating the judgment.") (citations omitted); Hendrix v. Dept. Stores Nat. Bank, 177 So. 3d 288, 290 (Fla. 4th DCA 2015) ("If a judgment is void, a party is not required to demonstrate excusable neglect or a meritorious defense.").